(No. 2526. Jan. 6, 1922.)

## LOPEZ v. LOPEZ et al.

### SYLLABUS BY THE COURT

(1) Where, in a suit in equity for discovery in aid of an action at law, the defendant's answer is responsive to the bill (no interrogatories being filed with the bill), the plaintiff cannot, by filing a reply to the answer, treat the answer as a verified pleading, nor has he the right, on the trial of the consolidated law and equity cases, to cross-examine the defendants on their answers.                     P. 624

(2) In such a case he is bound by the answer elicited in his bill of discovery, and can only overcome such sworn answers by the contradictory testimony of two witnesses, or by the testimony of one witness and corroborating circumstances or documentary evidence, and where the burden of proof thus put upon him is not sustained, the case is properly dismissed.                     P. 626

Appeal from District Court, Valencia County; M. C. Mechem, Judge.

Action by Antonio Lopez, administrator of the estate of Maria Ignacia Baca de Lopez, against

Severo Lopez, and others, and from a judgment dismissing the complaint the plaintiff appeals. Affirmed.

Rodney & Rodney, of Albuquerque, for appellant.

Harry P. Owen, of Los Lunas, and R. P. Barnes, of Albuquerque, for appellees.

## OPINION OF THE COURT

RAYNOLDS, C. J.  This is an appeal from a judgment of the lower court dismissing the plaintiff's complaint.  The plaintiff below, appellant here, filed his complaint below, entitling it "A Bill for Discovery and for an Accounting."  In it, after setting out that the appellant was the duly appointed administrator of the estate of Maria Ignacia Baca de Lopez, and that she died intestate leaving considerable property and ten children as heirs, he alleged that five of the heirs, naming them, had joined and conspired together to possess themselves of a greater portion of the estate than they were entitled to, and had refused the appellant any information in regard to the estate, although often requested to give him such information, and that they had also refused to render it possible for him to possess himself of the property belonging to the estate or make an inventory thereof, and that by reason of such facts he found it necessary to bring a bill for discovery against said defendants.  He also alleged that they had appropriated the property in question; that they claimed it by virtue of a certain alleged transfer made during the lifetime of said Maria Baca de Lopez; and he prayed that the defendants make answer and discovery to each of the charges in his bill of complaint, but not under oath, and require them to discover and show what sum or sums of money were in the house at the time of the death of Maria Baca de Lopez, and also require them to discover and show what personal property, household furni-

ture, farming implements, etc., they had and possessed; and further prayed that—

"In default of making such a showing as will relieve them in the premises, and after issue joined by this complaint of the allegations in his bill, to be awarded judgment against the defendants, and each of them, as may be proper on the proofs, * * * for such sum or sums as may be found in the court in possession of them, or either of them, and for such damages in lieu of the property appropriated, * * * and for damages in the premises for wrongs here complained of, with costs of suit in all in the sum of $25,000 and for other general specific relief as the court shall deem meet and proper."

To this complaint a demurrer was filed, which was sustained by the court, and the plaintiff given 20 days in which to file an amended complaint. Within the 20 days an amended complaint was filed, which was entitled, "Amended Bill for Discovery and in Aid of a Suit at Law." In this amended bill the allegations made in the original bill were repeated, but respondents were required to answer under oath, and there was added thereto a statement that the administrator, the appellant here, seeks to recover the sum of $25,000 damages on account of personal property belonging to the estate taken possession of and kept by the respondents.

At the same time this amended bill was filed in the original case No. 2081 a second action was filed, No. 2134, in which appellant sought to recover, as administrator aforesaid, the sum of $25,000 from the respondents. To the amended bill in No. 2081 a motion to strike from the files was filed and denied, a demurrer was subsequently filed to the amended bill, which was overruled, and thereafter an answer was filed by the defendants, setting forth their claims to the property in question. To this answer to the amended bill a "replication" was filed by the appellant, denying the allegations set forth in the answer. To the complaint filed in cause 2134 (the action at law) a motion to make more definite

and certain was filed and denied. A demurrer was then filed and overruled. Upon the overruling of the demurrer defendants answered, denying the al-. legations in the complaint. To this answer a "replication" was filed. The two cases were consolidated and tried before the court without a jury. At the conclusion of the appellant's evidence, upon a motion made by the appellees, the court dismissed the complaint on the ground that the plaintiff below, appellant here, had not made a prima facie case.

The appellant assigned numerous errors, many of which relate to the ruling of the court on the exclusion of certain evidence, but, in our opinion, the whole matter is controlled by assignment No. 1, in which appellant alleges that the court erred in holding that plaintiff had not made a prima facie case and for which alleged failure the consolidated cases were dismissed.

[1] Appellant's contention apparently is that the allegations of appellees made in their answer to his bill of discovery amounted to no more than testimony under oath, and that he had the right to cross-examine them. He further seems to contend that the answer under oath of these defendants amounted to no more than a verified pleading of denial, the truth of the allegations, denials of which, by filing his replication, he put in issue as in any ordinary suit, and that upon a trial of the case he would apparently not be bound by such answers. No attempt in this case was made to comply with sections 2171 or 2172, Code 1915, as to the filing of interrogatories. The bill was evidently brought under section 4068, Code 1915, which is as follows:

"That suits in equity may be begun, injunctions granted, or receivers appointed, in aid of any suit at law whether the same has been prosecuted to a judgment or not, provided, that such suit at law has been begun at the time any such equitable relief is sought."

It is questionable whether the amended bill for

discovery was not a departure from the original bill and should have been stricken on that account. At the time the original bill was filed there was no suit at law pending, and the authorities uniformly hold that a suit at law must either be pending or contemplated in order that a bill of discovery may be filed. We do not decide these questions, as they are not insisted upon by the appellees, and treat the amended bill of discovery in aid of the action at law as if properly filed at the time the law action had been begun. We have been unable to find authority, nor has counsel for appellant cited any, which sustains his contention that he may cross-examine the respondents on their answers, and that said answers in such a case are merely verified pleadings, which have little or no weight in the plaintiff's case. On the other hand, the authorities are unanimous that answers to a bill of discovery, or an answer in an equity suit, are evidence and are binding upon the complainant. Keeney v. Carillo, 2 N. M. 480, at page 497; 21 C. J. "Equity," par. 695, note 23; Id. par. 704D; 18 C. J. "Discovery," p. 1066, par. 39; Jones' Heirs v. Perry, 10 Yerg. (Tenn.) 59, 30 Am. Dec. 430, 432; Pollard v. Lyman, 1 Day (Conn.) 156, 2 Am. Dec. 63, at pages 68, 69; Corbin v. Mills' Executor, 19 Grat. (Va.) 466; Bell v. Moon, 79 Va. 341; Carpenter v. Providence, etc., Ins. Co., 4 How. 185, 11 L. Ed. 931, at page 946.

As to the conclusiveness of answers to interrogatories filed with the bill of discovery, there is not that uniformity of decisions as in the case of an answer in an equity suit. The rule is stated as follows:

"It has been held that the complaint in a bill for discovery by calling for an answer agrees to abide by it as well where it turns out to be unfavorable as where it makes for him, and that, at least under some circumstances, such answer is conclusive. Ordinarily, however, an answer to a bill of discovery in aid to a suit of law is not conclusive, especially as to matters in avoidance. What weight should be given

to answers is a question upon which the cases are not entirely harmonious. According to some authorities, the answer is entitled to no greater consideration than the answers of the parties' own witnesses on the stand, and may be controverted in the same way; but, according to others, a responsive answer to a bill for discovery in aid of a suit of law must be taken as true, unless contradicted by two witnesses or by one with pregnant circumstances, unless it has been held defendant is proved utterly unworthy of credit." 18 C. J. "Discovery," par. 40, and cases cited.

See, also, Ward's Adm'r v. Cornett, 91 Va. 676, 22 S. E. 494, 49 L. R. A. 556; Thompson v. Clark, 81 Va. 427, at page 428; Shurtz v. Johnson, 28 Grat. (Va.) 657.

Although the amended bill had not attached to it interrogatories in form, it was in the nature of an interrogation to the respondents and was therefore, in our opinion, governed by the rule as to the conclusiveness of answers to interrogatories propounded in or with a bill of discovery. The rule applicable to the conclusiveness of such answers is that they can only be overcome by the contradictory testimony of two witnesses, or the testimony of one witness and corroborating circumstances or documentary evidence. See cases supra. See, also, 9 R. C. L. "Discovery," § 25.

[2] The complainant, by his form of action sought to elicit facts from the respondents, and he must be bound by their answers in such a case to the extent which the law attaches to such answers. Appellant cannot treat the verified answers or the sworn answers to interrogatories in the form of answer to his bill as a verified pleading merely, but is bound by them as evidence in the case in this form of action. The court below, by his decision, evidently came to the conclusion that he did not make a prima facie case, considering both the testimony of his own witnesses and the sworn answers of the respondents to his interrogatories. We have carefully

Bank of Commerce v. Duckworth, 27 N. M. 627

read the record and agree with the conclusion of the trial court in this·respect.

As to the other assignments of error in regard to the exclusion of evidence offered, we hold that the assignments are without merit. They relate to the exclusion of hearsay evidence and to the rejection of offers to prove immaterial matters.

Finding no error in the decision of the lower court, the same is affirmed; and it is so ordered.

PARKER, J., concurs.

DAVIS, J., did not participate in this decision.